UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                      Criminal Case No. 17-20551

Tyrone Vannoy,
                                      Sean F. Cox
    Defendant.                  United States District Court Judge

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

In July 2017, Detroit police officers discovered a handgun in Defendant's vehicle after stopping it because it had crossed over the center lane and had an invalid license plate. Defendant has filed a Motion to Dismiss the felon in possession charge against him, seeking to suppress all evidence taken from the traffic stop. For the reasons below, the Court concludes that both the initial stop, and subsequent inventory search of Defendant's vehicle, did not violate the Fourth Amendment. Thus, the Court shall deny Defendant's motion.

## BACKGROUND

On August 22, 2017, Defendant was indicted on one charge of felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (Doc. # 11). He has filed a Motion to Dismiss, seeking to suppress all evidence obtained during the traffic stop, thereby resulting in dismissal of the charge. (Doc. # 23). The Court held an evidentiary hearing on his motion on February 16, 2018.

At the hearing, the Government presented two witnesses: ATF Special Agent Jameria Caldwell and Detroit Police Officer Yossif Mana. The Government also introduced as exhibits Michigan Secretary of State records for Defendant's vehicle and video footage from the body

camera of Detroit Police Officer Michael Bailey. Defendant called Officer Bailey as a witness and also testified on his own behalf. Defendant also introduced as exhibits video footage from the dash camera of the officers' squad car and two photographs of Defendant's vehicle. Per the parties' agreement, and for the purposes of the motion hearing only, the Court has also considered the information that is the subject of a sealed protective order filed by the Government (Doc. # 30).

Having heard and observed the witnesses who testified at the evidentiary hearing, allowing for this Court to assess credibility, having considered the exhibits submitted by the parties, having considered the arguments presented by counsel, and having applied the governing legal principles, the Court makes the following findings of fact and conclusions of law.[1]

## FINDINGS OF FACT

At about 10:20 p.m. on July 21, 2017, Detroit Police Department Officers Yossif Mana and Michael Bailey were traveling eastbound on Harper Avenue towards Yorkshire Road when they observed a Ford Econoline van in front of them briefly swerve over the double-yellow lines in the center of the road. Approximately half of the van crossed into the other lane of traffic before returning to the correct side of the road. The swerve was apparently prompted by a vehicle in the parking lane swerving towards the van.

After observing the van cross the center lines, Officer Mana ran the van's license plate in a law enforcement database and discovered that the Michigan Secretary of State had deemed the plate invalid. Secretary of State records indicate that the plate had been listed as invalid since

---

[1] To the extent that a finding of fact is more properly a conclusion of law, and to the extent that a conclusion of law is more properly a finding of fact, it should be so construed.

April 2017 due to fraudulent application or insurance. The registered owner of the van was Keeana Renee Christian.

Having run the plates, the officers illuminated the vehicle with their spotlights, upon which they observed the driver make a furtive gesture towards the rear floorboard area of the van. This, in their training and experience, looked consistent with an attempt to conceal a weapon or contraband. Upon observing this, Officer Bailey commented that the driver had "just stuffed it in the backseat."

The officers activated their emergency lights and initiated a traffic stop.[2] The officers approached the van and made contact with the driver, Defendant Tyrone Vannoy. Defendant, without any prompting, immediately told Officer Bailey that "she cut me off." Officer Bailey then had Defendant leave the vehicle. He told Defendant that he saw him swerve, to which Defendant responded that "she swerved over into me." While conducting a pat down search of Defendant, Officer Bailey also discovered some marijuana on his person. Defendant acknowledged this fact and also told Officer Bailey that there was no marijuana in the van.

After the officers removed Defendant from the vehicle, Officer Bailey searched the van. The search was done under Detroit Police Department policy, which provides that an officer must conduct an inventory search of any vehicle they impound. The policy also provides that a vehicle may be impounded when, as here, the vehicle's license plate is invalid. During this search, Officer Bailey discovered a loaded handgun on the van's rear floorboard. The officers

---

[2] Because the squad car's dash camera began recording when the emergency lights were activated (the recording also includes the 30 seconds preceding the activation of the lights), the dash cam video does not capture the traffic violation, which occurred between 10 to 30 seconds before the video begins. The officers' body cameras also began recording when the emergency lights were activated.

then arrested Defendant and impounded the van.

Defendant contradicts this account, maintaining that he never crossed into the center lane (he does not, however, dispute that his license plate was invalid). But the Court does not find him to be a credible witness due to the multiple inconsistencies in his testimony. For instance, Defendant testified that a vehicle in the parking lane swerved over and almost hit him yet, despite this, he did not swerve or react and instead continued to go straight. But when Defendant was first approached by Officer Bailey, he almost immediately exclaimed that another vehicle had swerved into him. The Court finds this to be a persuasive indication that Defendant was well aware that he had crossed the center line. The Court also finds that Defendant's credibility was further diminished by his testimony that he did not have marijuana on his person but that some was in the van, which is precisely the opposite of what he told Officer Bailey.

Instead, it is the police officers' testimony that the Court finds to be credible. The officers' description of Defendant's driving is corroborated by their statements and by Defendant's statements during the traffic stop. That the officers may not remember precisely how much time elapsed between the violation and the stop or the precise location that the violation occurred does not diminish their credibility.

## CONCLUSIONS OF LAW

Police officers may lawfully stop a vehicle when they "have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Here, the Court finds that the police officers had two independent and constitutionally valid reasons to stop Defendant.

First, the preponderance of the evidence shows that the officers observed Defendant's

4

vehicle cross over the double-yellow center line in violation of Michigan law. M.C.L. § 257.634. At that time, the officers had probable cause to stop Defendant for the civil infraction.

Second, the preponderance of the evidence shows that the van's license plate was invalid, which is also a civil infraction under Michigan law. M.C.L. § 257.255. So, even if the initial traffic violation had not occurred, the infraction for the invalid plate would have still provided (and did provide) the officers with probable cause to stop Defendant. *See United States v. Ellison*, 462 F.3d 557, 563 (6th Cir. 2006) ("[S]o long as the officer ha[s] a right to be in a position to observe the defendant's license plate, any such observation and corresponding use of the information on the plate does not violate the Fourth Amendment.").

Having lawfully stopped the van, the officers subsequent inventory search did not violate the Fourth Amendment. Police officers may "conduct an inventory search of an automobile that is being impounded without running afoul of the Fourth Amendment." *United States v. Jackson*, 682 F.3d 448, 455 (6th Cir. 2012). To be valid, the search must be conducted according to standard police procedures. *Id.*; *see also Colorado v. Bertine*, 479 U.S. 367, 374 (1987) ("[R]easonable police regulations relating to inventory procedures administered in good faith satisfy the Fourth Amendment[.]"). And the search here accorded with Detroit Police Department procedures. Under department policy, the officers conducted an inventory search of a van that was to be impounded because it lacked a valid license plate. Thus, the Court concludes that the inventory search of the van, which discovered the loaded firearm, did not violate Defendant's Fourth Amendment rights.

## CONCLUSION AND ORDER

For the reasons above, the Court finds the traffic stop and subsequent inventory search of Defendant's vehicle did not violate his Fourth Amendment rights. Thus, the Court ORDERS that Defendant's Motion to Dismiss is DENIED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: February 22, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2018, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy
                                              Case Manager