UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                  Criminal Case No. 17-20551

Tyrone Vannoy,

                                 Sean F. Cox
      Defendant.                United States District Court Judge

_____/

## ORDER FINDING COMPETENCY AND DENYING MOTION TO APPOINT FORENSIC PSYCHOLOGIST (ECF No. 86)

Defendant Tyrone Vannoy is charged with one count of felon in possession of a firearm, in violation of U.S.C. 922(g)(1). (ECF No. 11). On March 22, 2018, the Court ordered that Defendant undergo a competency evaluation. (ECF No. 39). Dr. Jessica Micono, a forensic psychologist, conducted this evaluation and issued a report, in which she concluded that Defendant was competent to stand trial. On June 29, 2018, the Court held a competency hearing, and concluded that Defendant was not then suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. (ECF No. 56). The Court found that Defendant was competent to stand trial. *Id*.

On July 9, 2018, Defendant received his third Court-appointed attorney. On August 26, 2018, defense counsel moved for a rehearing on Defendant's competency. (ECF No. 79). The Court granted this motion, and held a second competency hearing on September 25, 2018. (ECF No. 80).

Defendant and Dr. Micono testified at the second competency hearing. Defendant testified first, and vehemently defended his competence. Dr. Micono observed Defendant's testimony. When Defendant finished, Dr. Micono testified about her evaluation, her observation of Defendant's testimony, and other aspects of the record. She again concluded that Defendant was competent to stand trial.

The Government and Defendant submitted supplemental briefs on the issue of Defendant's competency. (ECF No. 85 and 87).

On October 3, 2018, Defendant filed an ex parte motion for the appointment of an expert in the field of forensic psychology. (ECF No. 86).

## ANALYSIS

### I. Defendant's Competency

A person is incompetent to stand trial if he is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C.A. § 4241(d). *See also Dusky v. United States*, 362 U.S. 402, 402 (1960) (For a competency determination, the test must be (1) "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and (2) "whether he has a rational as well as factual understanding of the proceedings against him.") (internal citations omitted). In determining a defendant's competence, a court considers several factors, including "evidence of a defendant's irrational behavior, the defendant's demeanor at trial, and any prior medical opinion on competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 172 (1975). If a court finds, by a preponderance of the evidence, that a defendant is incompetent, it must commit the defendant to the custody of the Attorney General. 18 U.S.C.A. § 4241(d).

Here, the second competency hearing focused on whether Defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. Defense counsel asked Defendant about documents that Defendant had personally filed with the Court without counsel's knowledge. Defense counsel argues that these documents show that Defendant has a delusional disorder because they are "totally baseless and without merit." (ECF No. 85, PageID 555).

Defense counsel then asked Dr. Micono about the sufficiency of her competency evaluation and Defendant's reaction to it. Defense counsel argues that the scope and duration of Defendant's evaluation was insufficient to establish his competency, and that his initial resistance to the evaluation is a sign of delusion. *Id.*

As to Defendant's demeanor at the hearing, defense counsel describes him as "agitated, disrespectful, and provocative," and states that Defendant exhibited "narcissistic personality traits including a sense of entitlement, self-importance, and arrogance." *Id.*

Finally, Defense counsel states that Defendant "has expressed delusional beliefs and cognitive disorganization in conversations with defense counsel regarding trial strategies that have interfered with his ability to rationally assist in his defense," and that Defendant's "inability to consult with and assist his prior counsel is further evidence of impairment." (ECF No. 85, PageID 555-556).

The Court finds by a preponderance of the evidence that Defendant has (1) a rational and factual understanding of the proceedings against him, and (2) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding. Therefore, he is competent to stand trial. The Court reaches this conclusion for four reasons.

First, Dr. Micono—an experienced forensic psychologist—interviewed Defendant for over an hour. She also observed him interacting with other people and reviewed relevant documents, including discovery from this case, treatment notes, and medical records. She concluded that Defendant was competent to proceed.[1] Although the average interview might be longer, in Dr. Micono's professional opinion, her evaluation of Defendant was sufficient to reach her conclusion. The Court agrees. Thus, Dr. Micono's opinion weighs in favor of a finding that Defendant is competent.

Second, Defendant's personally-filed documents are coherent and lucid. Even if Defendant's legal theories of this case are—as defense counsel describes—"totally baseless and without merit," these documents do not show incompetence. Rather, they show that Defendant understands the nature and facts of his case, disagrees with his counsel about trial strategy, and has decided to assert his own opinions, either without counsel's knowledge or over counsel's objections. *See United States v. Gooch*, 595 Fed.Appx. 524, 528 (6th Cir. 2014).

Third, although Defendant was arguably somewhat belligerent at the hearing, the Court saw no indication that he did not understand the proceeding or could not effectively assist his attorney. Defendant vehemently opposed the idea that he was incompetent, sufficiently explained his personal theories of the case, and generally responded to questions. Defendant did show displeasure with his counsel, but "a defendant is not rendered incompetent to stand trial merely because he cannot get along with his counsel or disapproves of his attorney's performance." *United States v. Miller*, 531 F.3d 340, 349 (6th Cir. 2008). To be competent, Defendant must have the *ability* to assist his

---

[1]Further, Dr. Micono witnessed Defendant's conduct at the second hearing. Rather than casting doubt on her evaluation, Dr. Micono's observation of Defendant actually reinforced her belief that he is competent.

counsel; he need not have the *desire* to assist his counsel. *See Dusky,* 362 U.S. at 402.

Finally, even if Defendant has an anti-social personality disorder and narcissistic tendencies,[2] "personality disorders are not psychoses," and "to equate personality disorders with legal incompetence is to simply misunderstand what those terms mean." *United States v. Heard*, 762 F.3d 538, 541-542 (6th Cir. 2014). Even though Defendant *might* have a personality disorder, there is no indication that he suffers from a mental illness that renders him incompetent.

For these reasons, the Court finds that Defendant is competent to stand trial.

## II. Ex Parte Motion to Appoint a Forensic Psychologist (ECF No. 86)

Defense counsel filed an ex parte motion to appoint a forensic psychologist to further evaluate Defendant's competency. (ECF No. 86). At this time, the Court finds that there is no *bona fide* doubt that Defendant is competent, and will deny this motion.

## CONCLUSION

The Court FINDS that Defendant Tyrone Vannoy is competent to stand trial.

The Court DENIES Defendant's ex parte motion to appoint a forensic psychologist.

IT IS SO ORDERED.

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated: October 26, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 26, 2018, by electronic and/or ordinary mail.

---

[2] Dr. Micono gave Defendant a "rule-out" diagnosis of anti-social personality disorder with narcissistic traits. A rule-out is "used to indicate that there is some evidence for the consideration of the diagnosis in question, but not enough to definitively confirm or exclude the diagnosis." Dr. Micono's Forensic Evaluation Report of Defendant, pg. 6 (6/12/2018). Dr. Mincono noted that, "should this disorder be present, it does not impact Mr. Vannoy's competency to stand trial." *Id.* at 8.

s/Jennifer McCoy
Case Manager