UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Criminal Case No. 17-20551

Tyrone Vannoy,
                                         Sean F. Cox
    Defendant.                     United States District Court Judge

_____/

### ORDER FINDING THAT DEFENDANT VANNOY HAS VALIDLY WAIVED HIS RIGHT TO COUNSEL, GRANTING DEFENDANT VANNOY'S MOTION FOR WITHDRAWAL OF ATTORNEY HENRY SCHARG (ECF No. 82), AND APPOINTING HENRY SCHARG AS STANDBY COUNSEL

Defendant Tyrone Vannoy is charged with one count of felon in possession of a firearm, in violation of U.S.C. 922(g)(1). (ECF No. 11). Vannoy has had two prior Court-appointed attorneys. After the Court granted the previous attorney's motion to withdraw, it noted that

> "Vannoy's new counsel will be his third appointed counsel on this case. As the Court stated on the record during the motion hearing/status conference, defendant Vannoy will not be appointed a fourth defense counsel. If this counsel is not to the defendant's liking, Vannoy may be representing himself, with standby counsel."

(ECF No. 61, PageID 420-421).

Thereafter, the Court appointed Henry M. Scharg to represent Vannoy.

On September 6, 2018, Vannoy personally filed a motion asking for Scharg to "withdraw" from the case. (ECF No. 82). On October 29, 2018, the Court held a hearing on Vannoy's motion.

1

**ANALYSIS**

**<u>Waiver of Right to Counsel</u>**

The Sixth Amendment provides that a criminal defendant shall have the right to the assistance of counsel in his defense. *See* U.S. Const. amend. VI; *see also Faretta v. California*, 422 U.S. 806 (2000). However, the right to counsel does not guarantee that a criminal defendant will be represented by a particular attorney. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). "[A] persistent, unreasonable demand for dismissal of counsel and appointment of new counsel is the functional equivalent of a valid waiver of counsel." *United States v. Green*, 388 F.3d 918, 921 (6th Cir.2004) (internal quotation marks and alterations omitted).

The Court finds that Vannoy's history of irreconcilable differences with his attorneys (D.E. 17, 59), and Vannoy's persistent, unreasonable demands for dismissal of his counsel and appointment of new counsel (ECF No. 40, 82) constitute a waiver of counsel.

However, given the importance of the right to counsel, a criminal defendant's waiver of that right must be unequivocal and his decision to proceed *pro se* must be knowing, voluntary, and intelligent. *Faretta*, 422 U.S. at 832-35. "Whenever a district court in the Sixth Circuit is faced with an accused who wishes to represent himself, the court must ask the defendant a series of questions drawn from, or substantially similar to, the model inquiry set forth in the Bench Book for United States District Judges." *United States v. McBride*, 362 F.3d 360, 366 (6th Cir. 2004).

The Court followed this approach at the October 29, 2018 hearing, wherein Vannoy unequivocally stated his preference to proceed *pro se* and the Court asked Vannoy, on the record, a series of questions to determine if his waiver of his right to counsel is knowing, voluntary, and

intelligent.

As stated on the record, the Court finds that Vannoy has knowingly, voluntarily, and intelligently waived his right to counsel. Accordingly, the Court shall grant Vannoy's request for Scharg to withdraw and allow Vannoy to represent himself.

However, as the Court explained to Vannoy during the hearing, the right to self-representation is not absolute. A trial court judge "may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct." *Farretta*, 422 U.S. at 834 n.46. Not only can a trial court judge terminate a criminal defendant's right to self-representation when the defendant engages in misconduct, the defendant can lose his right to be present for trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, or disrespectful of the court that his trial cannot be carried on with him in the courtroom. *Illinois v. Allen*, 397 U.S. 337, 342-43 (1970).

In addition, the Court is entitled to take all reasonably necessary precautions to ensure the safety of those in the courtroom. *See* 21A AM. JUR.2D CRIMINAL LAW § 940, *Courtroom Security*.

The Court cautions Vannoy that there will be a "zero tolerance policy" for disruptive or violent behavior. If warranted, the Court will terminate his self-representation.

**Standby Counsel**

A court "may—even over objection by the accused—appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *Faretta*, 422 U.S. at 834 n. 46. The Court will appoint Scharg as standby counsel for Vannoy.

## CONCLUSION

The Court hereby ORDERS that Defendant Vannoys's Motion for Withdrawal of Attorney Henry Scharg (ECF No. 82) is GRANTED and Vannoy may proceed *pro se*. Further, the Court APPOINTS Henry Scharg to serve as standby counsel for Vannoy.

IT IS SO ORDERED.

Dated: October 29, 2018

s/Sean F. Cox
Sean F. Cox
U. S. District Judge


I hereby certify that on October 29, 2018, the foregoing document was served on counsel of record via electronic means and upon Tyrone Vannoy via First Class mail at the address below:

Tyrone Vannoy
018886
Dickerson Detention Center
3501 Hamtramck Drive
Hamtramck, MI 48211

s/J. McCoy
Case Manager