UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                  Criminal Case No. 17-20551

Tyrone Vannoy,

                                                  Sean F. Cox
    Defendant.                           United States District Court Judge

_____/

**MEMORANDUM ORDER REGARDING MOTIONS CONSIDERED AT THE NOVEMBER 8, 2018 FINAL PRE-TRIAL CONFERENCE**

Trial is set to begin in this case on November 9, 2018. The Government has filed two motions *in limine*. Defendant Tyrone Vannoy has filed sixteen *pro se* motions, most of which are not in compliance with the Court's trial order and irrelevant to the focus of the upcoming trial. Nonetheless, the Court addressed all of these motions at the final pre-trial conference on November 8, 2018. This memorandum order outlines the status and disposition of the parties' motions that were discussed on the record at the final pre-trial conference.

The Court will address each motion in turn, based on ECF No., except when a later filed motion deals with substantially similar subject matter. In that instance, the Court will address those motions together.

    **I.    Motions for Revocation of Bond (ECF Nos. 100, 119, 120, and 121)**

Vannoy filed these motions, asking the Court to revoke his detention order pending trial. As stated on the record, the Court intends to set a hearing for these motions.

    **II.    Government's Motion in Limine (ECF Nos. 103 and 104)**

1

The Government filed these motions *in limine*, seeking to exclude any improper arguments regarding penalties, improper impeachment, or bad faith. Vannoy did not file a response. At the final pre-trial conference, Vannoy did not articulate a persuasive basis to deny these motions. For the reasons stated on the record, the Court hereby GRANTS these motions.

**III.        Motion to Challenge Prosecution's Jurisdiction and Indictment (ECF No. 105)**

Vannoy filed this motion, challenging the prosecution's jurisdiction and moving to dismiss the indictment. The Government responded. (ECF No. 126). The Court is convinced that the decisional process would not be significantly aided by oral argument. *See* Local Rules 12.1(a) and 7.1(f)(2), U.S. District Court, Eastern District of Michigan.

Vannoy argues that 18 U.S.C. 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause. Unfortunately for Vannoy, the Sixth Circuit has repeatedly rejected this argument. *See United States v. Henry*, 429 F.3d 603, 619–20 (6th Cir.2005) (noting that the Sixth Circuit has "explicitly held post-*Lopez* that a § 922(g)(1) conviction comports with the Commerce Clause so long as the defendant possessed a gun that previously had moved in interstate commerce" (internal quotation omitted)); *United States v. Chesney*, 86 F.3d 564, 572 (6th Cir.1996). This argument also has been rejected by every other federal circuit court to address the issue. *See Henry*, 429 F.3d at 620 (citing cases). Thus, Vannoy's argument is meritless.

Next, Vannoy argues that "as to this here 18 U.S.C. 924(c) Armed Career Criminal Act (ACCA) it is no more good cause the Supreme Court of the United States say that it is unconstitutionally void for vagueness under the Fifth Amendment." In support of this argument, Vannoy directs the Court to emails that were apparently sent to another prisoner from a defense attorney. These emails include the syllabus for *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the

attorney's thoughts of *Dimaya*'s significance for prisoners who were convicted under 18 U.S.C. 924(c).

*Dimaya* dealt with 18 U.S.C. § 16's definition of "crime of violence." Based on the materials provided to the Court, Vannoy appears to argue that *Dimaya* should extend 18 U.S.C. § 924(c), which also uses the phrase "crime of violence." But Vannoy has not been charged under 18 U.S.C. § 924(c); he has been charged under §924(e), which uses the term "violent felony." (ECF No. 11). Thus, the Court fails to see *Dimaya*'s relevance.

Finally, Vannoy argues that his state-issued arrest warrant was never signed and thus, "the case is no good to the State at the State level and must be dismissed, so therefore the Federal Government has not Federal Jurisdiction over this matter/case." Notably, Vannoy does not raise any issue with the federal arrest warrant. The Court fails to see how a deficient state warrant could defeat federal jurisdiction.

For these reasons, the Court hereby DENIES Vannoy's Motion to Challenge Prosecuting Jurisdiction and to Dismiss Indictment.

**IV.     Motions Regarding Speedy Trial Rights (ECF Nos. 106, 112, 117, and 118)**

Vannoy filed these motions, alleging a violation of his Speedy Trial rights. The Government responded. (ECF No. 126). The Court is convinced that the decisional process would not be significantly aided by oral argument. *See* Local Rules 12.1(a) and 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court has taken these motions under advisement.

**V.     Motion to Disqualify the Court (ECF No. 107)**

Without citing any authority or filing an affidavit as required by 28 U.S.C. § 144, Vannoy has filed a motion that puts forth six reasons why the Court should disqualify itself from this matter.

28 U.S.C. § 455 governs when a judge should disqualify himself. Notably, in order to justify recusal, the judge's alleged prejudice or bias must be personal or extrajudicial. *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005). All of the reasons that Vannoy lists in his motion directly relate to the Court's role in presiding over this case. For this reason and the reasons stated on the record, the Court hereby DENIES this motion.

VI. **Motion to Withdraw Attorney Scharg (ECF No. 109)**

Vannoy has re-filed his Motion for Withdrawal of Attorney Henry M. Scharg, which the Court already granted on October 29, 2018. (ECF No. 95).[1] Because the Court already granted this motion, the Court hereby DENIES this motion as moot.

VI. **Motion to Issue Subpoenas (ECF No. 110)**

Vannoy asks the Court to issue subpoenas compelling at least twenty people to testify at trial.

"[T]he Sixth Amendment does not by its terms grant a criminal defendant the right to secure the attendance and testimony *of any and all* witnesses." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (emphasis added). Rather, "it guarantees him 'compulsory process for obtaining *witnesses in his favor.*'" *Id*. (citing U.S. Const. Amd. XI) (emphasis in original). Thus, to establish that he is entitled to compulsory process for a witness, a defendant "must at least make some plausible showing of how [the witness's] testimony [would be] both material and favorable for his defense." *Id*.

Here, Vannoy has not provided any basis for the Court to conclude that any of his proposed witness would provide testimony that is material or favorable to his defense. He has merely listed

---

[1]Indeed, Vannoy simply crossed out the September 6, 2018 date that appeared on his previous motion and replaced it with November 2, 2018.

4

some names.² Thus, he has failed to show why the Sixth Amendment compels their attendance at his trial.

Moreover, Vannoy has not shown that he is entitled to the requested subpoenas under the Federal Rules of Criminal Procedure. Rule 17(b) provides that "[u]pon a defendants ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense."

In *United States v. Rogers*, 769 F.3d 372 (2014), the criminal defendant asked the district court to subpoena witnesses five days before trial began. *Id.* at 378. In an effort to demonstrate the "necessity of the witness[es'] presence" at his trial, the defendant made only the following allegations:

> The testimony of [the witnesses] is relevant to the incident as they could shed light to the jurors as to other parties' involvement; and/or provide alternate motives of the events as well as to provide supporting testimony to defendant's position regarding the events that occurred in this matter. Additionally, it is believed that at least one of the named persons maybe [sic] able to shed light on the whereabouts of the allusive [sic] [other suspect].

*Id.* at 379.

The district court denied the defendant's motion. The Sixth Circuit affirmed the district

---

² For example, Vannoy lists his former attorney, Natasha Webster. (ECF No. 110, PageID 709), but does not explain what Webster would testify to, or how her testimony would be material or favorable to his defense on the felon-in-possession charge. And for some people Vannoy does not even provide names. For example, Vannoy asks the Court to subpoena "the police officers from the Eastern District Police Department that came to the Defendant's houses for the '911 calls' from 3/27/2007 until 7/21/2017." (ECF No. 110, PageID 709). Apparently, Vannoy would like the Court to determine who these officers are, how their testimony would be material to his defense on his felon-in-possession charge, and how they would testify favorably to him.

5

court's decision because the defendant's conclusory statements failed to establish the necessity of the witnesses's presence for an adequate defense. *Id*. "The motion contained only broad, nonspecific statements about the witnesses and their usefulness and failed to in any way describe: who the Witnesses are; what their relation is to this case; what position they will support; and what they will testify to." *Id.* (internal citations omitted). In short, the defendant "made only generalized assertions and...did not make factual averments about the content of the Witnesses' testimony."

Here, Vannoy does not even provide conclusory statements or generalized assertions. He just lists names for some people and vague descriptions for others. Thus, the Court has no basis to conclude that these people are necessary for Vannoy's defense.

The Court stated that it would deny this motion, with two exceptions. At the final pre-trial conference, Vannoy stated that Deborah Cosley and Dean Flowers could testify to Blair Selby's competency as a witness. Because the Government expressed an intent to call Blair Selby, the Court stated that it would deny this motion without prejudice as to Cosley and Flowers, and informed Vannoy that he could re-raise his motion.

For these reasons, the Court hereby DENIES this motion as to all proposed witnesses, except Deborah Cosley and Dean Flowers. As to these two proposed witness, the Court hereby DENIES this motion WITHOUT PREJUDICE.

### VII. Motion for Jencks Material (ECF No. 111)

In this motion, Vannoy requests that the Government turn over evidence covered by the Jencks Act, the *Brady* doctrine, and Fed. R. Crim. P. 16.

The Government put all of its discovery disclosures on the record at the status conference held on November 2, 2018. At the final pre-trial conference, Vannoy agreed that the Government

has provided the material requested in this motion. Thus, the Court hereby DENIES this motion as moot.

### VIII. Motions are Nonsensical or Erroneously Filed (ECF No. 114 and 115)

Both of these "motions" appear to be the first page of longer documents that Vannoy intended to file in the Sixth Circuit. They do not stand on their own as motions. Thus, the Court hereby DENIES these motions.

### IX. Motion for Newly Considered Evidence (ECF No. 116)

In this motion, Vannoy seeks to re-litigate the question of whether the police officers had probable cause to stop his van and asks the Court to suppress all evidence seized from that stop. Specifically, Vannoy attempts to impeach the testimony of the police officers that testified at the February 16, 2018 evidentiary hearing.

The Court has already ruled on the probable cause issue and evaluated the credibility of the police officers. The Court hereby DENIES this motion for the reasons set forth in its February 22, 2018 Opinion and Order Denying Defendant's Motion to Dismiss (ECF No. 33).

### CONCLUSION

In sum, the current status of the above motions is as follows:

- ECF Nos. 100, 119, 120, and 121 shall be set for hearing,
- ECF No. 103 is GRANTED,
- ECF No. 104 is GRANTED,
- ECF No. 105 is DENIED,
- ECF No. 106, 112, 117, and 118 are taken under advisement and shall not be set for hearing,

- ECF No. 107 is DENIED,

- ECF No. 109 is DENIED as moot,

- ECF No. 110 is DENIED, in the manner described above,

- ECF No. 111 is DENIED as moot,

- ECF No. 114 is DENIED,

- ECF No. 115 is DENIED, and

- ECF No 116 is DENIED

IT IS SO ORDERED.

Dated: November 8, 2018

s/Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on November 8, 2018, the foregoing document was served on counsel of record via electronic means and upon Tyrone Vannoy via First Class mail at the addresses below:

Tyrone Vannoy 018886
Dickerson Detention Center
3501 Hamtramck Drive
Hamtramck, MI 48211

Tyrone Vannoy 2018-00013622
Dickerson Detention Center
3501 Hamtramck Drive
Hamtramck, MI 48211

s/J. McCoy
Case Manager