UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

     Plaintiff,

v.                                                                    Criminal Case No. 17-20551

Tyrone Vannoy,

                                      Sean F. Cox

     Defendant.                                         United States District Court Judge

_____/


**ORDER DENYING DEFENDANT'S MOTIONS TO RECONSIDER DETENTION
ORDER PENDING TRIAL (ECF Nos. 100, 119, 120, and 121)**

     This matter is currently before the Court on Defendant's four motions to revoke his detention

order pending trial. (ECF Nos. 100, 119, 120, and 121).[1] The Government has responded to these

motions. (ECF No. 126, PageID.855-858). Defendant appeared before the Court on November 13,

2018, for a hearing on this matter.  For the reasons below, the Court finds that the Government has

_____

[1]In full Defendant has styled these motions as follows: **ECF No. 100** is a "Motion for
Interlocutory Appeal, Motion to Revoke Order of Detention Pending Trial and Release
Defendant on Bond/Bail, Motion for De novo/Medical Bond/Bail Hearing, Motion for 18 U.S.C.
§ 3142 Bond/Bail Hearing, Petition for Writ of Mandamus;" **ECF No. 119** is a Motion for
Interlocutory Appeal, Motion to Revoke Order of Detention Pending Trial and Release
Defendant on Bond/Bail, Motion for De novo/Medical Bond/Bail Hearing, Motion for 18
U.S.C.S. § 3142 Bond/Bail Hearing, Petition for a Writ of Mandamus;" **ECF No. 120** is a
"Motion for Interlocutory Appeal, Petition for a Writ of Mandamus, Motion for 18 U.S.C.S §
3142, Release or detention of defendant pending trial, Motion for Bond + 18 U.S.C. 1234-
sanctions, Motion de novo bond hearing;" and **ECF No. 121** is a  "Motion for Interlocutory
Appeal, Petition for a Writ of Mandamus, Motion for 18 U.S.C.S. §3142, Release or detention of
defendant pending trial, Motion for Bond/Bail/De Novo Bond/Bail Hearing."   The Court has
reviewed these motions and determined that, essentially, all of them seek a revocation of his
detention order pending the outcome of his trial.

established that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and assure the safety of the community. Therefore, the Court shall DENY Defendant's motions.

## BACKGROUND

Defendant Vannoy is charged with one count of felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). (ECF No. 11). Pretrial Services prepared a report, wherein it recommended that Vannoy be detained pending trial. On August 11, 2017, Magistrate Judge Anthony P. Patti held a detention hearing and issued an order of detention pending trial. (ECF No. 9). In his order, Judge Patti found several factors warranting Vannoy's detention, including (1) the weight of the evidence against Vannoy; (2) the lengthy prison sentence that Vannoy faced if convicted; (3) Vannoy's extensive criminal history; (4) Vannoy's history of violence and using weapons; (5) Vannoy's history of alcohol or substance abuse; (6) Vannoy's history of failing to appear in Court; (7) Vannoy's previous interference with a police investigation; and (8) Vannoy's previous supervised release violation.

Vannoy filed his first motion for revocation of the detention order on October 20, 2018—more than 14 months after his pre-trial detention order first took effect. (ECF No. 100). On November 2, 2018, Vannoy filed three more motions for revocation of the detention order. (ECF No. 119, 120, 121). The Government responded to these motions on November 6, 2018 (ECF No. 126, PageID.855-858). The Court heard oral arguments on these motions on November 13, 2018.

## APPLICABLE LAW

Under 18 U.S.C. § 3145(b), a defendant ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de*

*novo.  United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e).  It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community."  *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B).  To determine whether no conditions exist that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

### Nature and Circumstances of the Charge

The offense that Vannoy is charged with— felon in possession of a firearm—is serious.  *See United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002) (stating that, in the Speedy Trial Act context, felon in possession is a serious offense).  Indeed, crimes involving firearms are a specific consideration under § 3142(g)(1).  Thus, this factor weighs in favor of detention.

### Defendant's History and Characteristics

Defendant's history and characteristics demonstrate that he is a continuing danger to the community and a flight risk.  He has a lengthy criminal history, including convictions for felony assault with intent to do great bodily harm, felony manufacture/deliver of controlled substances , and felony carrying a concealed firearm. In total, Vannoy has ten criminal convictions. And the nature of these convictions is troubling; drug and weapons offenses pose a particular danger to the

community.

Defendant has also shown a lack of respect for court orders and law enforcement. He pleaded guilty to interfering with a police investigation in 2011 and violated his probation on a 1991 felony drug conviction. And, at the time of his arrest for the instant offense, he had two outstanding criminal warrants for failure to appear in state court.

Finally, the risk of danger and flight posed by Defendant's release is enhanced by his current unemployment and his history of substance abuse.

### Weight of the Evidence Against Defendant

The weight of the evidence of Defendant's dangerousness is substantial. *See Stone*, 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."). He has several previous convictions for narcotics and a previous conviction for a carrying a concealed firearm. Further, Vannoy's criminal conduct shows no signs of abating.

### Nature and Seriousness of the Danger Posed by Defendant's Release

Finally, the Court finds that Defendant's release would pose a serious danger to the community. As detailed above, Defendant has a long history of criminal activity and weapons use. He has also shown little regard for the authority of the court or for law enforcement, giving the Court little reason to believe that his dangerous behavior would suddenly cease if released on bond.

Weighing these factors, the Court concludes that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Vannoy's appearance and assure the safety of the community. Thus, the Court shall deny the motions for revocation of the detention order.

## Vannoy's Arguments Regarding Medical Treatment and Access to Legal Research

Throughout his motions, Vannoy argues that he should be released pending trial because of his medical conditions and so that he can have greater access to legal research material. The Court is unpersuaded by these arguments for two reasons.

First, these arguments go beyond the factors outlined in § 3142(g) and do not directly address either Vannoy's dangerousness to the community or Vannoy's likelihood to flee. As such, they have little—if any—relevance to the Court's analysis and do not cast any measurable doubt on the Court's conclusion that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Vannoy's appearance and assure the safety of the community.

Moreover, Vannoy does not direct the Court to any instance where a court has considered either of these arguments and released a pre-trial detainee pending trial.

Second, the Court has no reason to believe that Vannoy is actually being denied sufficient access to medical care or legal materials, or that release from detention would remedy these alleged problems. (The Court also notes that Vannoy has filed more than twenty *pro se* motions since he began representing himself on October 29, 2018.  Vannoy can receive necessary treatment for his various medical conditions in detention.[2] *See United States v. Guerra-Hernandez*, 88 F.Supp.3d 25, 27 (D.P.R. 2015) ("As a ward of the Bureau of Prisons, the defendant will receive the medical

---

[2]In addition to his long-term medical conditions, Vannoy alleges that he needs back surgery immediately. To the Court's knowledge, no medical professional has also reached that conclusion.  And, the Court has no basis to conclude that Vannoy *would actually get back surgery* if he was released on bond. At the hearing on these motions, Vannoy stated that, if he was released, he could immediately meet his doctor and schedule the surgery. The Court considers the practicality of this timeline to be dubious, and does not consider Vannoy's statements to be an actual, concrete plan for a necessary surgery.

attention he requires while in custody."); *United States v. Parker*, 517 F.Supp.2d 375, 377 (D.D.C. 2007) (finding that a defendant's health problems cannot be dispositive for the purposes of a bond determination, at least partially because he "can receive the medical treatment he requires while detained at the Correctional Treatment Facility.")

The Court reaches a similar conclusion with regard to Vannoy's claim that he would be able to better prepare for trial on bond. Based on his motions, the Court sees no reason to conclude that Vannoy has an inadequate ability to prepare for trial in detention. Moreover, the Court has already taken steps to ensure that Vannoy has adequate access to trial materials, including appointing a discovery coordinator. The Court also had offered Vannoy more time to prepare, but he stated that he was ready to go to trial.

## CONCLUSION AND ORDER

For the reasons above, the Court ORDERS that Defendant's motions for revocation of his detention order (ECF Nos. 100, 119, 120, and 121) are DENIED.

IT IS SO ORDERED.


Dated:  November 14, 2018                          s/Sean F. Cox
                                                   Sean F. Cox
                                                   U. S. District Judge


I hereby certify that on November 14, 2018, the foregoing document was served on counsel of record via electronic means and upon Tyrone Vannoy via First Class mail at the address below:

Tyrone Vannoy 018886
Dickerson Detention Center
3501 Hamtramck Drive
Hamtramck, MI 48211

                                                   s/J. McCoy
                                                   Case Manager