UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                Criminal Case No. 17-20551

Tyrone Vannoy,

                                                   Sean F. Cox
    Defendant.                         United States District Court Judge

_____/

**ORDER DENYING DEFENDANT'S MOTIONS REGARDING SPEEDY TRIAL VIOLATIONS (ECF Nos. 106, 112,117, and 118) AND STRIKING MOTION FOR NEWLY DISCOVERED EVIDENCE (ECF No. 150); MOTION FOR RECUSAL (ECF No. 155); AND MOTION FOR TRANSCRIPTS (ECF No. 156)**

On October 29, 2018, the Court found that Defendant Tyrone Vannoy had validly waived his right to counsel. (ECF No. 95). Before trial, Vannoy filed over fifteen *pro se* motions, most of which were disposed of by the Court at the final pre-trial conference held on November 8, 2018. (ECF No. 135). However, the Court took four motions—those arguing that Vannoy's speedy trial rights had been violated—under advisement. *Id.*

On November 15, 2018, a jury convicted Vannoy of one count of felon-in-possession-of-a-firearm. (ECF No. 145). Upon Vannoy's request, the Court appointed attorney Robyn Frankel to represent him during post-trial proceedings. Frankel entered her appearance on November 21, 2018. (ECF No. 148). Five days later, Vannoy filed a *pro se* "Motion for Newly Discovered Evidence." (ECF No. 150). On February 7, 2019, Vannoy filed a *pro se* "motion for disqualification or recusal of judge from case. (ECF No. 155). On February 8, 2019, Vannoy filed a *pro se* "motion for transcripts." (ECF No. 156).

1

### I. Speedy Trial Motions

#### a. Speedy Trial Act

The Speedy Trial Act "requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later, see § 3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met, § 3162(a)(2)." *Bloate v. United States*, 559 U.S. 196, 198–99 (2010). If there is a violation, the indictment may be dismissed with or without prejudice. *United States v. Sutton*, 862 F.3d 547, 554 (6th Cir. 2017). "The Act, however, excludes from the 70–day period delays due to certain enumerated events." *Bloate*, 559 U.S. at 199. Once a defendant shows that more than 70 days have passed, "the government bears the burden of proving sufficient excludable time by a preponderance of the evidence." *United States v. Sobh*, 571 F.3d 600, 602 (6th Cir. 2009).

Delay due to resolution of pretrial motions does not violate a defendant's speedy trial rights. *See United States v. O'Dell*, 247 F.3d 655, 668 (6th Cir. 2001) ("legitimate pretrial proceedings are 'neutral reasons not attributable to the government'") (quoting *United States v. Jones*, 91 F.3d 5, 8 (2d Cir. 1996)). Similarly, delays caused by a defendant's interlocutory appeal do not violate his speedy trial rights. *United States v. Loud Hawk*, 474 U.S. 302, 316 (1996), ("A defendant who resorts to an interlocutory appeal should not be able upon return to the district court to reap the reward of dismissal for failure to receive a speedy trial.")

Here, Vannoy was indicted on August 22, 2017. (ECF No. 11). His speedy trial clock began on that date. On September 25, 2017, Vannoy's first attorney filed her motion for withdrawal. (ECF No. 17). The clock stopped for this pre-trial motion. At that point 33 days had passed. The Court held a hearing on, and granted, this motion on September 29, 2017. The clock began running.

On October 4, 2017, Vannoy's second counsel requested that the Court adjourned the trial date so that he could adequately prepare for trial. The Court granted this request and moved the trial date from October 11, 2017 to February 27, 2018. (ECF No. 21). The parties stipulated that this time would be excluded from the Speedy Trial clock. *Id*. At this point, 44 days had passed.

On December 11, 2017, Vannoy filed a motion to dismiss and to exclude evidence. (ECF No. 23). The Court held a hearing on this motion on February 16, 2018. On February 22, 2018, the Court denied this motion. (ECF No. 33). The Court reset trial for March 13, 2018.

Pursuant to the stipulation, the clock began running again on February 28, 2018.

On March 6, 2018, the speedy trial clock stopped again when Vannoy moved for a psychiatric exam. (ECF No. 37). At this point 50 days had elapsed. The Court granted this motion on March 22, 2018. Vannoy was sent to be evaluated by a psychologist. After this psychologist issued her evaluation, the Court held a competency hearing on June 29, 2018, and found Vannoy to be competent. However, the speedy trial clock did not start running again because Vannoy's attorney filed a motion for withdrawal that same day. (ECF No. 59). The Court held a hearing and granted this motion on July 3, 2018. (ECF No. 61). In its order, the Court excluded the time period between the date of defense counsel's motion to withdraw (June 29, 2018) through the first status conference with new counsel (July 20, 2018). *Id.*. Thus, the clock remained stopped at 50 days.

On July 9, 2018, the Court appointed a third attorney. On July 20, 2018, Vannoy's counsel requested additional time to prepare for trial, and the parties stipulated to exclude the time from July 20, 2018 until September 25, 2018 (ECF No. 70). The clock remained stopped at 50 days.

On August 26, 2018, Vannoy's counsel moved for a second competency examination. (ECF No. 79). On September 6, 2018, Vannoy filed a *pro se* motion to remove his then counsel. (ECF No.

82). The Court held this competency examination on September 25, 2018, and ordered supplemental briefing by October 9, 2018. On October 26, 2018, the Court again found Vannoy to be competent. On October 29, 2018, the Court granted Vannoy's motion to withdraw his current counsel, and found that he had validly asserted his right to represent himself (ECF No. 95). The clock did not start again, however, because on October 30, 2018, the Government filed its motions in limine. (ECF No. 103 and 104). Vannoy also filed over fifteen motions on November 2, 2019.

On November 8, 2018, the Court disposed of most of the motions filed before trial. The trial began the next day.

At most, the total number of non-excluded days was 50. Thus, Vannoy has failed to show that his statutory right to a trial within 70 days was violated.

    **b.**    **Sixth Amendment**

"[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated." *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001) (internal citations omitted).

The Sixth Circuit has described how a district court should determine whether the Sixth Amendment has been violated:

> In *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court identified four factors that district courts must consider in determining whether a defendant has been denied a speedy trial in violation of the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the Defendant. Twenty years later the Court revisited the issue in *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) and refined the inquiry that district courts must pursue. The Court stated that it is necessary for district courts to balance "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Id.* at 651, 112 S.Ct. 2686 (citing *Barker*, 407 U.S. at 530, 92

4

S.Ct. 2182). None of these factors alone is sufficient to establish a violation of the Sixth Amendment. Instead, the Supreme Court declared that "these are related factors and must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533, 92 S.Ct. 2182.

*O'Dell*, 247 F.3d at 667. "[T]he core task is determining which party shoulders the balance of blameworthiness for [the] delay. *United States v. Noel*, 488 Fed.Appx 928, 930 (6th Cir. 2012)

Here, the delay between indictment and trial was about 14 months. At first glance, this length of time raises speedy trial concerns. *Id.* However, this case saw approximately sixty pre-trial motions (most of them frivolous, meritless, and filed by Vannoy), two competency evaluations, the withdrawal of two defense attorneys (who cited irreconcilable differences with Vannoy as the reason for their withdrawal), the "firing" of a third defense attorney", and an interlocutory appeal. The vast majority of the delay was a direct result of Vannoy's actions. Further, there is no indication that Vannoy's defense was prejudiced by the delay. Thus, considering the *Gore* factors and the Court's intimate knowledge of this case, the Court concludes that Vannoy "shoulders the balance of blameworthiness for the [the] delay," and that no Sixth Amendment violation has occurred.

**II.     Hybrid Representation**

Vannoy is now represented in this case by counsel, Robyn Frankel. Acting *pro se*, however, Defendant has filed the following motions or documents: "Motion for Newly Discovered Evidence" (ECF No. 150); "Motion for disqualification or recusal of judge from case" (ECF No. 155); and "Motion for transcripts" (ECF No. 156).

Because Defendant has counsel, these motions are an attempt to proceed in a "hybrid" fashion, through counsel and *pro se* by way of his filings. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984). Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even represent themselves, *see Farretta v. California*, 422 U.S. 806 (1975), the right

of self-representation does not include the right to proceed in a hybrid manner. *McKaskle, 465 U.S. at 183*. The Court will not allow Vannoy to do so here and will therefore strike these three *pro se* submissions.

## ORDER

Accordingly, the Court DENIES Vannoy's motions regarding his speedy trial rights (ECF Nos. 106, 112,117, and 118), and STRIKES the *pro se* motions that he filed while represented by counsel (ECF Nos. 150, 155, and 156).

IT IS SO ORDERED.

Dated: February 13, 2019
                s/Sean F. Cox
                Sean F. Cox
                U. S. District Judge

I hereby certify that on February 13, 2019, the foregoing document was served on counsel of record via electronic means and upon Tyrone Vannoy via First Class mail at the address below:

Tyrone Vannoy 018886
MILAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MILAN, MI 48160

                s/J. McCoy
                Case Manager