UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                         Criminal Case No. 17-20551

Tyrone Vannoy,

                                                            Sean F. Cox
    Defendant.                                United States District Court Judge

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY TRANSFER TO THE WILLIAM DICKERSON DETENTION FACILITY

After a jury convicted Defendant Tyrone Vannoy of being a felon in possession of a firearm, the Court sentenced him to a term of imprisonment of 180 months. Vannoy was committed to the custody of the Bureau of Prisons and is currently serving his sentence at FCI Milan, a federal prison roughly one hour away from Detroit, Michigan. Vannoy now requests that he be temporarily transferred to the Willam Dickerson Detention Facility, a county jail just outside Detroit, so that he can more easily participate in a Wayne County Circuit Court proceeding that seeks to terminate his parental rights over two of his children.

After review of Vannoy's motion, the Court concludes that it lacks authority to order the requested temporary transfer. "The Bureau of Prisons has broad discretion in administering a prisoner's sentence, and decisions to place a convicted defendant within a particular program or at a particular facility are decisions within the sole discretion of the Bureau of Prisons." *Klawonn v. United States*, 11 Fed. App'x 559, 561 (6th Cir. 2001) (internal citations omitted). "Consequently, the sentencing court has no authority to order that a convicted defendant be confined in a particular

facility. . ." *Id*.

Moreover, the Court is not persuaded that such a transfer is necessary or would effectuate its intended goal. If Vannoy's presence was required at the parental rights trial, the state court would have (presumably) issued the appropriate writ to compel his appearance. Instead, the state court arranged to have him appear by phone, which indicates that it has already determined that he need not be physically present. And, even if Vannoy was transferred to Dickerson, there is still the question of how he would be transported to, and secured during, the state court proceedings. The Court doubts that it could order the Wayne County Sheriff's Department to perform those duties—or even house Vannoy in the first place—at its own expense.[1]

In sum, the Court cannot order the Bureau of Prisons to transfer a federal prisoner to a county jail so that he *might* be able to more conveniently attend a state court proceeding, especially when the state court appears to have already concluded that Vannoy's physical presence is unnecessary. Accordingly, the Court **DENIES** Vannoy's motion.

**IT IS SO ORDERED.**

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: November 7, 2019

---

[1] The Court is aware that Vannoy was housed at Dickerson during much of the time his case was pending before this Court. However, that housing assignment was part of a mutual agreement between Vannoy's federal then-custodian (the United States Marshal's Service) and the local authorities at the jail. To compel a local jail to house and transport a federal prisoner is an entirely different issue than Vannoy's previous, agreed-to placement at Dickerson.